IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. _____

WILLIAM L. BLOODWORTH and
MADELYN S. BLOODWORTH,

    Plaintiffs,

vs.

UNITRIN SAFEGUARD INSURANCE
COMPANY,

    Defendant.

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, UNITRIN SAFEGUARD INSURANCE COMPANY (hereinafter "Defendant"), hereby removes this action from the Superior Court of New Hanover County to the United States District Court for the Eastern District of North Carolina.

## I. NATURE OF ACTION

1. On or about December 10, 2015, William L. Bloodworth and Madelyn S. Bloodworth (hereinafter "Plaintiffs"), filed in the Superior Court of Pender County a Complaint against Defendant alleging claims for violation of Plaintiffs' rights and the Defendant's liability pursuant to N.C. Gen. Stat. Chapter 1, Article 26 of the Uniform Declaratory Judgment Act, breach of contract, Unfair and Deceptive Trade Practices, bad faith and punitive damages. *Complaint, ¶¶ 6, 7, 8, 10, 11*.

2. This matter arises from an insurance claim made by Plaintiffs pursuant to a policy of homeowners insurance issued to Plaintiffs by Defendant as a result of Plaintiffs' residential fire loss on December 14, 2012. *Complaint, ¶¶ 2*.

## II. NOTICE OF REMOVAL IS TIMELY

3. Defendant was served with a copy of the Summons and Complaint on January 8, 2016.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely as it was filed within 30 days of service of process on Defendant. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …" 28 U.S.C. § 1446(b) (1996).

## III. FEDERAL JURISDICTION EXISTS

5. Pursuant to 28 U.S.C. § 1332(a), as set forth below, complete diversity exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has federal diversity jurisdiction over this civil action. *See* 28 U.S.C. § 1332(a) (2005).

**A. Complete Diversity Exists Between Plaintiff and Defendant**

6. Plaintiffs in this action are citizens and residents of Dade County, Florida. *Complaint, ¶ 1*.

7. Defendant is a corporation doing business in the State of North Carolina. *Complaint, ¶ 1*.

8. Plaintiffs are citizens and residents of Florida while Defendant is a North Carolina corporation such that complete diversity exists between the parties.

**B. The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs.**

9. Plaintiffs seek compensatory, treble, and punitive damages as a result of the Defendant's alleged wrongful conduct.

10. Pursuant to the Complaint, Plaintiffs state that as a result of the Defendant's alleged wrongful conduct, they are entitled to recover damages, including, but not limited to, the following:

   a. An amount in excess of $10,000.00 from Defendant;
   b. Damages for unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-16;
   c. Attorney fees from Defendant for unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-16.1;
   d. Damages to Plaintiffs for punitive damages in excess of $10,000.00;
   e. Costs and attorney fees.

*Complaint, Prayer for Relief.*

11. Given the nature of Plaintiffs' claim coupled with Plaintiffs' request for compensatory, treble and punitive damages, it is clear the relief Plaintiffs seek in this action exceeds $75,000.00

## IV. REMOVAL TO THIS DISTRICT COURT IS PROPER

12. Venue is proper in the United States District Court for the Eastern District of North Carolina because the Superior Court of Pender County, North Carolina sits within this federal district. *See,* 28 U.S.C. § 1446(a); 28 U.S.C. § 1391(a) (2002).

## V. CONSENT AND REMOVAL REQUIREMENTS

13. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon Defendant in this matter are attached hereto as Exhibit A.

14. All Defendant(s) consent to this Notice of Removal and join in the same.

15. This Notice of Removal will promptly be served on Plaintiffs, and a notice of its filing will be promptly filed with the Clerk of Superior Court of Pender County, North Carolina, pursuant to 28 U.S.C. § 1446(d).

## VI. RESERVATION OF RIGHTS

16. Defendant hereby reserves any and all rights to assert any defenses to Plaintiffs' Complaint.

17. Defendant hereby reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant, UNITRIN AUTO AND HOME INSURANCE COMPANY, by and through undersigned counsel, hereby give notice that the above-entitled matter has been timely removed to this Court.

This the 3rd day of February, 2016.

/s/ John T. Jeffries
JOHN T. JEFFRIES
Bar No: 22134
Attorney for Defendant
McAngus Goudelock & Courie, PLLC
Post Office Box 30307
Charlotte, North Carolina 28230
(704) 643-6303
jjeffries@mgclaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the date above, I electronically filed the foregoing with the Clerk of Court using CM/ECF system; and I hereby certify that on that same date, I served the foregoing via U.S. Mail upon:

>Dawn A. Hanzlik-Hexemer
>T. Dean Amos
>Law Offices of Amos & Kapral, LLP
>14 Third Avenue NE
>Hickory, North Carolina 28601
>Attorney for Plaintiffs

This the 3rd of February, 2016.

>/s/ John T. Jeffries
>JOHN T. JEFFRIES